

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. P. Sexton
County Attorney
Orange County
Orange, Texas

Dear Sir:

Opinion No. O-1097
Re: Did the commissioners' Court
have the legal right to allow
the payment of the additional
$75.00 per month to the county
attorney's stenographer when
the authority to pay the addi-
tional sum out of fees of office
was not obtained before the same
was paid out?

Your letter of August 25, 1939, requesting
the opinion of this department on the above question,
has been received. Your letter, in part, reads as fol-
lows:

"During January of 1938 the commission-
ers court employed a stenographer to work half-
time in the County Attorney's office and pass-
ed an order to pay her $50.00 per month as a
salary out of the general fund of the county.
Because of unusual and an unforeseen amount of
extra work it became necessary for the steno-
grapher to work full time. The county attorney
paid her the sum of $75.00 out of fees of office
for this additional work. This amount was shown
on the annual fee report of the county attorney
and was deducted from excess fees earned. The
commissioners court during the month of June
1939 passed an order allowing the additional
compensation of $75.00 per month for the reason
of such additional work in the office.

"There has been raised the question as to
whether the commissioners court had the legal
right to allow the payment of the additional

Hon. W. P. Sexton, Page 2

$75.00 per month for the reason that authority to pay the additional sum out of fees of office was not obtained before the same was paid."

After carefully considering the matter submitted by you, we are of the opinion that the decision in the case of PIERSON, Justice of the Peace, et al vs. GALVESTON COUNTY, 131 SW 2nd 27, concludes the question. We quote as follows from the court's opinion:

"From the issues presented in the briefs, however, it appears that the controversy as it relates to the county's suit concerns the following items: (1) The sum of $15.00 per month during the two-year period paid by Pierson to his Deputy in excess of $60.00 per month salary fixed by the commissioners' court;....

"The appointment of the deputy was under R. C. S., Art. 3902, which provides that: 'Whenever any officer.... shall require the services of deputies or assistants in the performance of his duties, he may apply to the county commissioners' court of his county for authority to appoint such deputies or assistants, setting out by sworn application the number needed, the position sought to be filed, and the amount to be paid, .... and said court may make its order authorizing the appointment of such deputies and fix the compensation to be paid....'

"This statute was complied with at the beginning of 1935 and the deputy authorized and her salary fixed at $60 per month. To grant or approve a salary raise to operate retrospectively would, we hold, be a clear violation of our state constitution, Art. 3, para. 53 Vernon's Ann. St. Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S. W. 2d 265; Turner v. Barnes, Tex. Civ. App., 19 S. W. 2d 325, affirmed on other grounds, Tex. Com. App., 27 S. W. 2d 532. The rule laid down in Cameron County v. Fox, Tex. Com. App., 61 S. W. 2d 483, is not applicable here. There the tax collector, without previous authority, employed and paid salaries to deputies, the items being reported in his account, which was audited

and approved by the commissioners' court. It was held that it was not essential to obtain approval in advance of employment of deputies; that the commissioners' court had power to ratify what it had the original power to authorize. <u>Here the application had been made and the salary fixed by the commissioners' court in advance of the services performed thereunder. The commissioners' court clearly had no power thereafter to increase the salary for services already performed under authority of its order.</u> The value of the services performed cannot be inquired into. Nor is it material that the justice actually paid the full $75.00 to the deputy each month as the services were rendered." (underscoring ours)

Article 3, Section 53, of the Constitution of Texas, reads:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the state, under any agreement or contract, made without authority of law."

You are, therefore, respectfully advised that it is the opinion of this department that the question propounded by you should be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

By

Zollie C. Steakley

APPROVED NOV 8, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB